IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KATHERINE A.,**
**Petitioner Below, Petitioner**

**v.) Nos. 23-ICA-427 and 23-ICA-462** (Fam. Ct. Ohio Cnty. No. FC-35-2022-D-82)

**JERRY A.,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

In this consolidated appeal, Petitioner Katherine A.[1] ("Mother") appeals the Family Court of Ohio County's August 28, 2023, order, which following remand from this Court, found that it was in the children's best interest to remain in West Virginia with their Father, Respondent Jerry A. ("Father"). Mother also appeals the family court's October 5, 2023, order denying her motion for reconsideration. Father responded in support of the family court's decision.[2] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This Court previously addressed the underlying matter in *Katherine A. v. Jerry A.*, 248 W. Va. 672, 889 S.E.2d 754 (Ct. App. 2023), in which we reversed the family court's order and remanded the matter for further proceedings. Thus, because that decision contains a detailed factual recitation of this case, we only need to briefly discuss the background facts of the case in this decision. The parties were previously married, share two children, and, while married, resided in Ohio County, West Virginia. During the marriage, Mother earned a six-figure salary and her job required her to work out of town multiple days per month. Father earned significantly less, working as a teacher's aide and

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by Elgine Heceta McArdle, Esq. Father is represented by Paul J. Harris, Esq.

1

assistant basketball coach. At some point, the parties agreed that Mother should find a comparable job with reduced travel requirements.

Mother applied for at least one local job, but it did not suit their family's schedule. However, in April of 2022, Mother received a job offer to work for a global law firm in Washington, D.C., which was approximately five hours from the parties' marital home. The job offer included a higher salary, potential bonuses, benefits, relocation costs, and the ability to work from home two days per week with flexible work hours and limited travel.

Several weeks after Mother received the job offer, she asked Father to relocate to Northern Virginia as a family. Father declined. Mother filed for divorce and sought to relocate with both children. At the divorce hearing, Mother testified that Father and paternal grandfather worked with the children on baseball and basketball, but that she performed the other caretaking functions. Mother also stated that the maternal grandmother, who assisted with childcare, would be relocating with her. By order entered August 17, 2022, the family court denied Mother's request to relocate with the children, reasoning that Father's involvement with the children while Mother worked superseded Mother's daily caretaking functions. Mother appealed that decision to this Court; as set forth in *Katherine A.*, we reversed the family court's order and remanded that matter for the family court to conduct a full and meaningful analysis regarding the best interests of the children and whether Mother had sought any other reasonable alternative to her chosen place of relocation, pursuant to West Virginia Code § 48-9-403(d)(1)(C) (2021).[3] *Katherine A.* at 684, 889 S.E.2d at 766.

A remand hearing was conducted, and on August 28, 2023, the family court entered its final order addressing the two issues on remand. In that order, the family court found that it was in the children's best interest to remain with Father in West Virginia and that Mother did not seek "reasonable alternatives" prior to accepting her job offer in Washington, D.C. In support of its ruling, the family court took judicial notice that, "there [were] many firms in both Pittsburgh [. . .] and Columbus with which [Mother] could have sought work" and noted that several large, closer-in-proximity, law firms have between

---

[3] West Virginia Code § 48-9-403(d)(1) states:

[T]he relocating parent has the burden of proving that: (A) The reasons for the proposed relocation are legitimate and made in good faith; (B) that allowing relocation of the relocating parent with the child is in the best interests of the child as defined in § 48-9-102 of this code; and (C) that there is no reasonable alternative, other than the proposed relocation, available to the relocating parent that would be in the child's best interests and less disruptive to the child.

2

1,500 and 2,000 lawyers and Mother did not seek employment at those firms. Instead, Mother testified that she applied for one local job and the family court held that, "applying for one job, or a few for that matter, within a six-month time period, is insufficient for [Mother] to carry her burden that no reasonable alternative existed, particularly where she continued to be employed with the same employer and had been for so many years."

Thereafter, Mother filed a motion with the family court to reconsider its August 28, 2023, order. Mother's motion for reconsideration was denied by order entered on October 5, 2023. Mother timely appealed the August 28, 2023, and October 5, 2023, orders, and upon Mother's motion, we consolidated the matters for appeal.

We apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

As her first assignment of error, Mother asserts that the family court, on remand, omitted facts previously relied upon, pulled new facts from the transcript, and reached a conclusion that was contrary to the evidence. Upon review of the record, we disagree. West Virginia Code § 48-9-102(a) (2022) states that when family courts are to decide on the allocation of custodial and decision-making responsibility, the "primary objective [. . .] is to serve the child's best interest." Our state's highest court has also consistently held that the best interest of the child "is the polar star by which all matters affecting children must be guided." *See Galloway v. Galloway*, 224 W. Va. 272, 275, 685 S.E.2d 245, 248 (2009) (citations omitted). Here, the family court held, with instructions on remand, that both parties provided equal caregiving and parenting functions for their children, but that Father spent more quality time with the children and determined that Father's side of the family was very important in the children's lives. As such, the family court held that, "the [Mother] has failed to meet her burden that the best interests of the children are served in relocation." These findings were properly within the family court's discretion and should not be disturbed on appeal. *See In re Tiffany Marie S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (A reviewing court may not overturn a family court's finding simply because it would have decided the case differently).

As her second assignment of error, Mother contends that, on remand, the family court ignored the manifest weight of the evidence in making a gender-based conclusion

3

that Father provided substantially more caretaking functions than Mother "due to his substantial time spent each day with their sons," while applying an impermissible balancing of interests between Mother and Grandfather. In support of her argument, Mother states that Father's parenting role consisted of ensuring that the children received sports training, but that Father's extended family provided the rest of the children's caretaking functions when the children were in his care. We disagree.

First, the family court's order repeatedly stated that, "the parties were equal caregivers and performed equal parenting functions." Second, the family court specifically noted West Virginia Code § 48-9-102(a)(5) (2022), which states that one of the ways in which a child's best interest is served is by facilitating "[c]aretaking and parenting relationships by adults who love the child." Here, the record reflects that Father's family has always been extremely involved and active in the children's lives and multiple witnesses presented testimony of the same. Additionally, the family court found that Father's family "engaged in more caregiving time day to day than does [maternal grandmother.]" The family court did not find, as Mother asserts, that Father provided more caretaking functions, nor did it balance the interests between Mother and paternal grandfather. Based on the foregoing, we conclude that the family court properly considered all testimony before it and was in the best position to evaluate the information presented by each party and their witnesses. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) (holding that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact.").

Lastly, Mother avers that the family court, in its October 5, 2023, order denying her motion for reconsideration, abused its discretion by improperly using Rule 201 of the West Virginia Rules of Evidence[4] to conclude that "the relocation was not reasonable under the circumstances" by injecting its own suppositions, characterized as "judicial notice" to support its ruling based upon facts not in evidence and denied Mother's request to be heard on the same. More specifically, Mother argues that the family court erroneously took judicial notice of other closer-in-proximity law firms where she could have sought employment and failed to provide her with an opportunity to be heard on said issue, as mandated in Rule 201. We disagree. On remand, this Court instructed the family court to conduct "a meaningful analysis of the evidence presented by Mother in relation to the

---

[4] Rule 201 of the West Virginia Rules of Evidence governs the taking of judicial notice of adjudicative facts and states, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Rule goes on to say that a court may take judicial notice on its own at any stage of the proceeding. Last, the Rule states that, "[o]n timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard."

reasonable alternative element" of West Virginia Code § 48-9-403(d)(1)(C). The family court properly followed our instructions, and found that:

> [S]ince [Mother] knew that she must present evidence to show the reasonableness and legitimacy of the relocation, and that she must also present evidence to show that she sought employment at a location less disruptive to the children's relationship with [Father], she reasonably should have been on notice [. . .] that she should present any and all, and more detailed information as to each employment opportunity sought during her presentation of evidence, so as to enumerate what potential jobs she identified at a closer location, what jobs she applied for, and what, if any, jobs she was offered.

We agree with the family court that Mother had sufficient notice of what types of evidence should have been presented on remand. Therefore, we conclude that the family court did not commit error or abuse its discretion.

Accordingly, we affirm the family court's August 28, 2023, and October 5, 2023, orders.

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear